
JURY FEE PAID

## STATE OF MICHIGAN

## IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

**CARLLA LAMPTON** and **BRUCE LAMPTON**, her husband,

    Plaintiffs,

-vs-

    Case No.
    Hon.

**COLUMBIA SUSSEX CORPORATION**
d/b/a **CROWNE PLAZA DETROIT** and
**JOHN DOE**,

    Defendants.

**FREDERIC M. ROSEN** (P19625)
**STEFFANI CHOCRON** (P45335)
FREDRIC M. ROSEN, P.C.
Attorneys for Plaintiff
535 Griswold, Suite 2040
Detroit, Michigan 48226
(313) 961-8900

## COMPLAINT AND DEMAND FOR TRIAL BY JURY

There is no other civil action arising out of the same transaction or occurrence as alleged in this Complaint pending in this Court nor has any such action been previously filed and dismissed after having been assigned to a Judge.

NOW COMES the Plaintiffs, CARLLA LAMPTOM and BRUCE LAMPTON, by and through their attorneys Frederic M. Rosen, P.C. and complaining against the above named Defendants respectively represent to this Honorable Court as follows:

1. That Defendant Columbia Sussex Corporation d/b/a Crowne Plaza Detroit is a corporation authorized, admitted and doing business in the County of Wayne, State of Michigan.

2. That on or about March 1, 2008, and at all times material herein, Defendant Columbia Sussex Corporation was the owner of Crowne Plaza Detroit located in the City of Romulus, County of Wayne, State of Michigan.

3. That on said date and at all times material herein, Defendant John Doe was the general manager of the aforementioned Crowne Plaza Detroit hotel.

FREDERIC M. ROSEN, P.C.
THE BUHL BUILDING • 535 GRISWOLD, SUITE 2040 • DETROIT, MICHIGAN 48226
TEL (313) 961-8900 • FAX (313) 961-7616

4. That on said date and at all times material herein, Defendant John Doe was the direct agent, servant and/or employee of Defendant Columbia Sussex Corporation d/b/a Crowne Plaza Detroit.

5. That on the aforesaid date and at all times material herein, Defendants premises were open for the general public and said individuals were invited onto said premises for the purpose of conducting commercial business.

6. That on or about March 1, 2008, and at all times material herein, Plaintiff Carlla Lampton was a business invitees of Defendant Columbia Sussex Corporation d/b/a Crowne Plaza Detroit.

7. That on the aforesaid date and at all times material herein, Defendant corporation was in possession or control of said premises whereat the Plaintiffs were injured as described herein.

8. That on said date and all times material herein, Plaintiff Carlla Lampton did then and there slip and fall on a loose and/or missing portion of the dance floor located in Defendant's premises.

9. That on said date and at all times material herein, Defendant Columbia Sussex Corporation d/b/a Crowne Plaza Detroit and Defendant John Doe had knowledge, express or implied, of the aforementioned defective dance floor.

10. That on the aforesaid date and at all times material herein, Plaintiff herein was without any knowledge of the dangerous and/or unsafe conditions of said premises.

11. That on the aforesaid date and at all times material herein, Defendant John Doe was the general manager of the aforementioned premises and had direct responsibility for the condition and maintenance of the aforesaid premises.

12. hat on or about said date and at said time, defendants, its agents, servants and/or employees, owed duties to plaintiffs to maintain defendants' premises as a reasonably prudent person would do under same or similar circumstances, and in accordance with the common law in such case

FREDERIC M. ROSEN, P.C.
THE BUHL BUILDING • 535 GRISWOLD, SUITE 2040 • DETROIT, MICHIGAN 48226
TEL (313) 961-8900 • FAX (313) 961-7616

FREDERIC M. ROSEN, P.C.
THE BUHL BUILDING • 535 GRISWOLD, SUITE 2040 • DETROIT, MICHIGAN 48226
TEL (313) 961-8900 • FAX (313) 961-7616

made and provided, but violated said duties in at least one or more of the following particulars, so far as it is presently known:

    a.    after knowing of the dangerous and hazardous conditions existing on defendant's premises, failed to correct same and/or warn of the dangerous condition;

    b.    failed to make reasonable and proper inspections for dangerous and/or hazardous conditions existing on defendant's premises;

    c.    failed to repair and/or correct and/or warn of any hazardous and/or dangerous conditions, of which the defendant, its agents, servants and/or employees had knowledge, or should have had knowledge, by a reasonable and proper inspection;

    d.    failed to instruct all of its agents, servants and/or employees on the proper care and maintenance of its premises, and/or in the reporting of dangerous and/or hazardous conditions on defendant's premises;

    e.    failed to provide rules, procedures and/or policies for periodic safety inspections for the discovery and/or correction of dangerous and hazardous conditions on defendant's premises;

    f.    failed to provide a safe and suitable place for plaintiffs, defendants' invitee, to dance in safety;

    g.    failed to construct defendant's premises in a manner suitable and safe under the circumstances;

    h.    failed to properly illuminate defendant's premises so that dangerous and/or hazardous conditions would be apparent to plaintiff;

    i.    failed to observe all the duties of care imposed upon defendant by the Statutes of the State of Michigan, Ordinances of the City in which defendant's premises are located and the common law in such case made and provided.

13.    That Plaintiff Carlla Lampton sustained personal injuries as a direct and proximate result of Defendants' negligence as herein alleged.

14.    That as a direct and proximate result of the negligence of Defendant as aforesaid, the Plaintiff sustained severe bodily injuries which were painful, disabling and necessitated medical care; in addition thereto said Plaintiff suffered shock and emotional damage, possible aggravation of pre-existing conditions and/or reactivation of dormant conditions, and were unable to attend to her usual affairs, render

services as formerly and hampered said Plaintiff in the enjoyment of the normal pursuit of life as before; said injuries are permanent to the degree that Plaintiff suffered a loss in ability to earn money as before, and will have impaired earning capacity in the future, continued pain and suffering as well as permanency, all as a result of Defendants' negligence as hereinbefore alleged.

15. That as a direct and proximate result of the negligence of Defendants and the resulting injuries to Plaintiff, Plaintiff did and may continue to incur expenses for hospitals, doctors, x-rays, medicines and other medical supplies and attention.

16. That by reason of the injuries sustained by Plaintiff wife, Plaintiff husband, her spouse, has been deprived of the services and affection of his spouse, and his comfort and happiness in her society and companionship has been impaired, and it appears that such deprivation and impairment may long continue.

17. That the amount in controversy exceeds the sum of Twenty Five Thousand Dollars ($25,000.00).

WHEREFORE, Plaintiffs and each of them pray for compensatory damages against Defendants herein, together with interest, costs and attorney fees.

FREDERIC M. ROSEN, P.C.

Frederic M. Rosen (P19625)
Attorney for Plaintiffs
DATED: April 20, 2010        (313) 961-8900

## DEMAND FOR TRIAL BY JURY

NOW COMES the above named Plaintiffs and hereby make demand for Trial by Jury in the above entitled cause.

FREDERIC M. ROSEN, P.C.

Frederic M. Rosen (P19625)
Attorney for Plaintiffs
DATED: April 20, 2010        (313) 961-8900

FREDERIC M. ROSEN, P.C.
THE BUHL BUILDING • 535 GRISWOLD, SUITE 2040 • DETROIT, MICHIGAN 48226
TEL (313) 961-8900 • FAX (313) 961-7616