UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CARLLA LAMPTON and
BRUCE LAMPTON,

        Plaintiffs,

vs.

Case No. 10-CV-11922
HON. GEORGE CARAM STEEH

COLUMBIA SUSSEX CORPORATION
d/b/a CROWNE PLAZA DETROIT and
JOHN DOE.,

        Defendants.

_____/

ORDER GRANTING PLAINTIFFS' MOTION TO COMPEL [DOC. # 9],
CONDITIONALLY GRANTING PLAINTIFFS' MOTION FOR REMAND [DOC. # 2], AND
GRANTING PLAINTIFFS LEAVE TO FILE AN AMENDED COMPLAINT

I. Introduction

Plaintiffs, Carlla and Bruce Lampton, initiated the instant action in Circuit Court for the County of Wayne, State of Michigan. Defendant, Columbia Sussex Corporation d/b/a Crowne Plaza Detroit, caused this action to be removed to this court based on diversity jurisdiction under 28 U.S.C. § 1332. Before the court is plaintiffs' motion to remand the instant case to the circuit court by reason of lack of diversity pursuant to 28 U.S.C. § 1447(c) and plaintiffs' motion to compel defendant to produce full and complete answers to interrogatories.

## II. Factual Background

Plaintiff Carlla Lampton alleges that on March 1, 2008, she slipped and fell on a loose, missing, or otherwise defective portion of a dance floor at the Crowne Plaza Detroit ("Crowne Plaza") hotel facility, which is owned by defendant Columbia Sussex Corporation ("Columbia Sussex"). Plaintiff claims that as a result of this fall, she sustained severe bodily injuries and experienced a great degree of pain, emotional damage, and possible aggravation of dormant conditions. Additionally, she incurred substantial financial outlay for medical expenses. Both Columbia Sussex Corporation and an unknown John Doe were named as defendants in the complaint. The complaint describes defendant John Doe as "the direct agent, servant and/or employee of Defendant Columbia Sussex Corporation," specifically the general manager of Crowne Plaza. The complaint further alleges that John Doe had direct responsibility for the condition and maintenance of the hotel premises; moreover, plaintiffs impute knowledge of the defect in the dance floor to both John Doe and Columbia Sussex.

Defendant asserts that this court has original jurisdiction over the instant matter because there is complete diversity among the parties. While the plaintiffs are citizens and residents of Wayne County, Michigan, Columbia Sussex is a citizen of Kentucky. Columbia Sussex asserts that a John Doe defendant is treated as a fictitious person, and, as such, John Doe's citizenship should be disregarded in determining the court's jurisdiction over this case pursuant to 28 U.S.C. 1441(a).

Plaintiffs, however, allege upon information and belief that John Doe is a Michigan resident based on the fact that his work is in Detroit, Michigan; therefore, his inclusion in the action destroys diversity. Plaintiffs further contend that the John Doe defendant is not a fictitious person and that despite good faith efforts to discover his true identity, Columbia Sussex has withheld this requested information.

### III. Analysis

1. Motion to Compel

On May 28, 2010, plaintiffs served defendant Columbia Sussex with a list of interrogatories, two of which requested "the name of the General Manager of the Crowne Plaza – Detroit on or about March 1, 2008" and "the name and address of John Doe on or about March 1, 2008." Plaintiffs allege that as of July 23, 2010, Columbia Sussex has failed to provide answers to these interrogatories, thus preventing them from amending the complaint to substitute a real party in place of the John Doe. Indeed, given the thirty day interrogatory deadline, these answers were due on June 28, 2010. At the hearing, the court granted plaintiffs' motion to compel and directed defendant to confirm the name and residence of John Doe. Defense counsel, in response, did name the general manager and confirm he is a resident of Michigan.

2. Standard of Review

To establish original jurisdiction through diversity, the matter in controversy must exceed the sum of $75,000 and must be between citizens of different states. 28 U.S.C. § 1332(a). Diversity jurisdiction requires complete diversity; that is, no defendant may

be a citizen of the same state as any plaintiff.  See Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373-74 (1978).

Under 28 U.S.C. § 1441(b), an action brought in state court is removable "only if none of the parties in interest properly joined as defendants is a citizen of the state in which such action is brought."  As such, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).  The court should resolve questions in favor of remand to state court, as the burden of proving proper federal jurisdiction is on the removing party, here, the defendant.  See Gafford v. Gen. Elec. Co., 997 F.2d 150, 155 (6th Cir. 1993).  Whether defendant has the right to remove this case must be determined from the allegations in the complaint at the time of removal.  Holloway v. Pacific Indem. Co., 422 F. Supp. 1036, 1037 (E.D. Mich. 1976) (citing Pullman Co. v. Jenkins, 305 U.S. 534 (1939)).

3.  Diversity Jurisdiction

To determine whether diversity jurisdiction exists among parties, 28 U.S.C. § 1441 specifies:

> Except as otherwise expressly provided by Act of Congress, any civil action brought into a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district or division embracing the place where such action is pending.  *For purposes of removal under this chapter . . . the citizenship of defendants sued under fictitious names shall be disregarded.*

(emphasis added).  The Sixth Circuit has consistently relied on a strict interpretation of the language of this statute, disregarding fictitious defendants' citizenships without reference to any other factors.  See, e.g., Curry v. U.S. Bulk Transp., Inc., 462 F.3d 536,

4

539 (6th Cir. 2006); Alexander v. Elec. Data Sys. Corp., 13 F.3d 940, 948 (6th Cir. 1994); Farris v. JP Morgan Chase Bank, No. 09-CV-14094-DT, 2010 U.S. Dist. 6991, *2-*3 (E.D. Mich. Jan. 28, 2010).

In Alexander, the plaintiff brought suit against a diverse corporation and a non-diverse Jane Doe, the corporation's personnel manager, for alleged employment discrimination. 13 F.3d at 941. The complaint did not allege any specific actions taken or the roles played by the defendants, but rather asserted that "defendants have engaged in unlawful employment practices." Id. at 942. The court denied plaintiff's motion to remove the case to state court in part because:

> It [was] clear that 'Jane Doe' is a fictitious name; no such real person was ever named, and plaintiff never identified the alleged person who was 'EDS' Personnel Manager in Michigan in [sic] within the time period covered.' *Section 1441(a)* compels that this 'named' defendant be disregarded for purposes of diversity jurisdiction.

Id. at 948.

Curry further expands upon Alexander and finds that where the non-diverse defendants are John Does, it is proper to disregard their citizenship for the purpose of determining diversity jurisdiction, see 462 F.3d at 539; however, when the complaint is amended to substitute real, non-diverse defendants for the John Does, the previous diversity jurisdiction is destroyed, and the federal court must dismiss the case, see id. at 539-40. That is, while plaintiffs naming a John Doe as a defendant may not have their case remanded for lack of diversity jurisdiction, they have leave to seek remand after amending their complaint to substitute a non-fictitious defendant. See id. at 539-40.

Other district courts within the Sixth Circuit have adopted a more liberal interpretation of 28 U.S.C. § 1441. See, e.g., Musial v. PTC Alliance Corp., No. 5:08CV-45R, 2008 U.S. Dist. LEXIS 48856, at *12 (W.D. Ky. June 25, 2008); Zuellig v. Marathon Oil Co., 648 F. Supp. 473, 474 (E.D. Mich.1986). These cases rely on the standard set forth by the Northern District of California in Asher v. Pacific Power & Light Co., 249 F. Supp. 671, 676 (N.D. Cal. 1965).

> [W]hether or not the joinder of the resident "doe" will destroy diversity depends on the degree of specificity with which the complaint charges the "doe" with actionable conduct . . . . If . . . the allegations . . . [are] so general that they give no clue as to whom they could pertain, then the parties . . . should be disregarded for the purposes of determining diversity jurisdiction.

Id. at 676 (citation omitted). This standard was later clarified such that "Doe defendants should be disregarded in determining diversity of citizenship where the charging allegations of the complaint are directed at all the defendants jointly, with no attempt to designate the specific role or identity of any of the Doe defendants." Jong v. General Motors Corp., 359 F. Supp. 223, 227 (N.D. Cal. 1973) (citations omitted).

This standard of adequate complaint specificity in describing a John Doe was directly rejected in a more expansive interpretation of 28 U.S.C. § 1441. Holloway, 422 F. Supp. at 1041. In its holding, Holloway established the standard that "[a]s long as a proper cause of action is stated against a resident Doe defendant, the case should not be removed until the plaintiff dismisses the action against that defendant, or actually commences trial without having served him." Id. However, although Holloway was frequently cited and followed in the Sixth Circuit during the 1980s, see, e.g., Dewyer v.

6

Gaudette Mach. Movers, No. 88-CV-72709-DT, 1988 U.S. Dist. LEXIS 18237, at *2 (E.D. Mich. Aug. 11, 1988); Mullins v. King's Entm't Co., 663 F. Supp. 61, 63 (E.D. Mich. 1987), and has never been overturned, it has not been cited or followed in more recent decisions.

Despite these differing standards, the court is constrained to follow the precedent set forth by the Sixth Circuit in Alexander. The language of 28 U.S.C. 1441(a) clearly and unambiguously states that the court may not consider the citizenship of a fictitious defendant for the purpose of determining whether to remand a case founded upon diversity jurisdiction. As noted in Alexander, the court finds that a John Doe defendant is indeed a fictitious person, and so his citizenship shall be disregarded for the purpose of determining diversity jurisdiction. This result is generally appropriate, especially when a fictitious defendant's citizenship is not definitely known.

The legal landscape of this case changed significantly during oral argument, however. Defendants' counsel, in response to the court's question, identified the general manager by name and confirmed his Michigan residency. As such, plaintiffs may amend their complaint to substitute this real party for the John Doe defendant; once this individual is properly joined, the court's diversity jurisdiction will be destroyed and a remand order will be proper pursuant to 28 U.S.C. § 1447(c). See Curry, 462 F.3d at 539-40.

IV. Conclusion

Accordingly, for the reasons stated on the record and in this Order, plaintiffs' motion to compel is GRANTED. Plaintiffs' motion for remand to the Wayne County

Circuit Court is CONDITIONALLY GRANTED, contingent on plaintiffs amending their complaint to substitute the named party for the fictitious John Doe and alleging his Michigan residency. Lastly, plaintiffs are GRANTED leave to file an amended complaint within seven (7) days of the issuance of this Order.

Dated: August 5, 2010

                             S/George Caram Steeh
                             GEORGE CARAM STEEH
                             UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on August 5, 2010, by electronic and/or ordinary mail.

S/Josephine Chaffee

Deputy Clerk